# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00446-FDW-DSC

| | |
|---|---|
| DESMOND A. PRIDGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| KATHY KRANINGER, in official ) | |
| Capacity as Director of Consumer ) | |
| Financial Protection Bureau, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 29 U.S.C. § 621, et seq. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 4].

## I.   BACKGROUND

On September 11, 2019, Plaintiff Desmond A. Pridgen ("Plaintiff") filed a pro se Complaint against Defendant Kathy Kraninger, in her official capacity as Director of the Consumer Financial Protection Bureau (CFPB), and Defendant CFPB, alleging age, race, and disability discrimination relative to the CFPB's decision not to hire Plaintiff for a position within that agency. [Doc. 1]. The Court now conducts initial review of Plaintiff's Complaint after Plaintiff's compliance with the Court's Order requiring Plaintiff to file his original charge documents with the Court. [See Docs. 4, 5]. Plaintiff's claims are made pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 501 of the Rehabilitation Act of 1973 ("Rehab Act"), and the Age Discrimination in Employment Act of 1967 (ADEA). [Doc. 1 at 2].

Plaintiff alleges that in October 2013 the CFPB denied Plaintiff's application for

employment for one of thirty-five (35) vacant consumer response specialist positions. Plaintiff contends that he was qualified for the position, that this denial was based on his age, race, and disability, and that most of the vacancies were filled by young, non-disabled individuals not of African American descent. After a prolonged course in the administrative review and appeal process, Plaintiff's request for reconsideration of the Office of Federal Operations of the Equal Employment Opportunities Commission (OFO of the EEOC) final decision denying his claim was denied, Plaintiff filed this action.

II. **STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

III. **DISCUSSION**

Accepting the Plaintiff's allegations as true and making all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff's claims against Defendant Kraninger under Title VII, Section 501 of the Rehab Act, and the ADEA are not clearly frivolous and survive this Court's initial review.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e)(2).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint [Doc. 1] survives initial review under Section 1915(e).

2. The U.S. Marshal is hereby directed to attempt to serve summons on Defendants at the addresses provided on the Summonses filed by Plaintiff [Doc. 3-1].

Signed: March 3, 2020

Frank D. Whitney
Chief United States District Judge