# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00446-DSC

| | |
|---|---|
| **DESMOND A. PRIDGEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **KATHY KRANINGER,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss, or Alternatively for Summary Judgment" (document # 15) filed August 14, 2020, as well as the parties' briefs and exhibits.

On November 19, 2020, the parties consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). This Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the Court grants Defendant's Motion to Dismiss as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pro se Plaintiff brings this action against Defendant in her official capacity as Director of the Consumer Financial Protection Bureau. Accepting the factual allegations of the Complaint as true, Plaintiff is an African American male over age forty. He suffers from lower lumbar stenosis and foot drop. In Spring 2013, he applied for a Consumer Response Specialist position in the Bureau's office of Consumer Response. Defendant interviewed approximately 120 applicants including Plaintiff.

The Bureau employed a two-step process to identify the best candidates. The first step involved a seventy-five minute written assessment that was subject to blind grading. Plaintiff scored a 1 out of 5, with five being the highest. The second step was a structured panel interview. Plaintiff scored a 1.4/1.5 out of 5, with five being the highest. He was not offered the position.

Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission. His complaint was dismissed without a hearing by an Administrative Law Judge. He appealed to the EEOC Office of Federal Operations, which affirmed the finding of no discrimination.

On September 11, 2019, Plaintiff filed this action alleging race, age and disability discrimination in Defendant's failure to hire him.

Defendant has moved to dismiss for failure to state a claim.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard.  First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief.  Id. at 679.  "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed.  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The elements of a prima facie case for race, age, and disability discrimination are similar. A plaintiff must plausibly show that: (1) he is a member of the protected class, i.e., he is a minority, over the age of forty, or has a disability; (2) the employer had an open position for which he applied; (3) he was qualified for the position; and (4) he was not selected under circumstances giving rise to an inference of unlawful discrimination. McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 584-85 (4th Cir. 2015) (race); Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006) (age); Jones v. Leavitt, 454 F. Supp. 2d 459, 464 (M.D.N.C. 2006) (citing Evans v. Applications & Serv. Co., 80 F.3d 954, 959–60 (4th Cir.1996)) (disability).

For purposes of this Motion only, Defendant concedes that Plaintiff has adequately pled the first three elements for a prima facie case. But even taking all factual allegations as true, Plaintiff has failed to plausibly show that he was not selected under circumstances giving rise to an inference of unlawful discrimination. He never requested a reasonable accommodation or otherwise gave notice of his alleged disability. The persons who interviewed Plaintiff did not have decision making authority in the hiring process. Plaintiff has not alleged that the individual with hiring authority was even aware of his race, age or disability.

For those reasons and the other reasons stated in Defendant's "Memorandum in Support …" (document #15-1), the Motion to Dismiss is granted.

### III. ORDER

**FOR THE FOREGOING REASONS,** "Defendant's Motion to Dismiss" (document # 15) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff and counsel for Defendant.

**SO ORDERED**.

Signed: December 15, 2020

David S. Cayer
United States Magistrate Judge